IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BOYCE MITCHELL                                                    PLAINTIFF

V.                                    4:25CV00604-JM

HEALTH CARE SERVICE CORPORATION                      DEFENDANT

## ORDER

Plaintiff Boyce Mitchell brings a Title VII and ACRA race, color, sex, and retaliation case. Plaintiff is pro se. He was initially represented by counsel, but counsel sought leave to withdraw and Plaintiff agreed. Pending before the Court is Plaintiff's motion to compel and motion to amend the complaint to add an FMLA retaliation claim. For the reasons stated below, both motions are denied.

A.  Motion to Compel

In the motion to compel, Plaintiff asks the Court to compel Defendant to answer a specific question:

Was Plaintiff's October 10, 2023 HR complaint (AskHR Case 641547-0) reviewed, discussed, considered, or referenced by any individual involved in the decision to issue the October 31, 2023 Coaching Memo? (the "Question")

( Doc. 18 at p. 2)

When Plaintiff's interrogatories were served on the Defendant, he was represented by counsel who did not include the Question in the interrogatories. Defendant answered the interrogatories on April 28th. Plaintiff, acting pro se, sent Defendant a meet-and-confer letter asking Defendant to supplement deficient responses, including Interrogatory No. 6 which stated:

No. 6: Please describe fully and with specificity all reasons Plaintiff was placed on Performance Improvement Plan(s) (PIP) or Action Plans during his employment, list the person(s) responsible for making the decision to place Plaintiff on a PIP or Action Plan, and identify all documents,

recordings, records, and things, Defendant relied upon when making the decision to place

Plaintiff on any PIP or Action Plan.

(Doc. No. 21-1 at p. 7). In the letter, Plaintiff asked Defendant to answer the Question as a component of Interrogatory No. 6. Defendant refused to respond to the Plaintiff's Question stating it was under no obligation to answer discovery that was never properly served.

Plaintiff asks the Court to either (a) order Defendant to answer the Question as a clarification/supplementation of Interrogatory No. 6, or (b) allow him to serve this as an additional interrogatory and order the Defendant to answer it. The discovery deadline is July 1st.

Plaintiff does not need the Court's permission to serve an additional interrogatory on the Defendant. He could have done so at any time before the discovery deadline. Defendant was not required to answer an interrogatory that was not properly served. Defendant told Plaintiff as much in the May 27, 2026 letter (Doc. No. 21-5) and Plaintiff had the opportunity to properly serve it. Further, Plaintiff's Question is not a clarification of Interrogatory No. 6. Plaintiff's motion to compel is denied.

B.   Motion to Amend

The deadline to amend pleadings has long passed. Plaintiff was aware of the date he was terminated and the date that he returned from FMLA leave before ever filing his complaint. The fact that Plaintiff recently obtained a medical provider's note which recorded those dates does not make the information newly discovered. Plaintiff has failed to show good cause for a late amendment to his complaint.  The motion to amend is denied.

In conclusion, Plaintiff's motion to amend and motion to compel (Doc. No. 17, 18) are DENIED.

IT IS SO ORDERED this 30th day of June, 2026.

James M. Moody Jr.
United States District Judge